JARED E. PETERSON (State Bar No. 49700)
LAW OFFICES OF JARED E. PETERSON
2017 Lincoln Street
Berkeley, California 94709
Telephone: (510) 841-4462
Facsimile: (510) 841-4464
Email: jaredep@pacbell.net

Attorneys for Plaintiffs,
VERSIL MILTON, CHRIS BEAGLE, ANDREW LORRICK,
JAMIEL JAMIESON, ED ZELTMAN, and JON HOLIDAY



# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

Case No.: **C08-03616**

| | |
|---|---|
| VERSIL MILTON, CHRIS BEAGLE, ANDREW LORRICK, JAMIEL JAMIESON, ED ZELTMAN, and JON HOLIDAY, on behalf of themselves and those similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> TRUEPOSITION, INC., <br><br> Defendant. | **COMPLAINT FOR VIOLATIONS OF FLSA AND STATE WAGE AND HOUR LAWS; CLAIMS FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF** <br><br> **COLLECTIVE ACTION** <br><br> **CLASS ACTION** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiffs Versil Milton ("Milton"), Chris Beagle ("Beagle"), Andrew Lorrick ("Lorrick"), Jamiel Jamieson ("Jamieson"), Ed Zeltman ("Zeltman"), and Jon Holiday ("Holiday") (collectively, "plaintiffs" or "named plaintiffs") allege, on behalf of themselves and classes of those similarly situated, as follows:

## JURISDICTION AND VENUE

1.     This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b).  This Court

COMPLAINT FOR VIOLATIONS OF FLSA AND STATE WAGE AND HOUR LAWS; CLAIMS
FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF
*Milton, et al. v. TruePosition, Inc.*

1

also has original jurisdiction over the state law claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which (a) there are 100 or more members in the named plaintiffs' proposed classes; (b) at least some members of the proposed classes have a different citizenship from defendant; and (c) the claims of the proposed class members exceed $5,000,000 in the aggregate. In addition, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over plaintiffs' state law wage and hour law claims, because those claims derive from a common nucleus of operative facts.

2.    The Northern District of California has personal jurisdiction over TruePosition, Inc. ("defendant" or "TruePosition"), because TruePosition has qualified with the California Secretary of State to do business, and is going business, in the State of California, and in this district, and because many of the acts complained of and giving rise to the claims alleged herein occurred in this State and in this district.

3.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims in this action occurred in this district.

4.    Pursuant to N.D. Cal. Local Rule 3-2(c) and (d), intradistrict assignment to the Oakland Division is proper because a substantial part of the events giving rise to claims alleged in this complaint occurred in the County of Alameda and in the City and County of San Francisco.

### SUMMARY OF CLAIMS

5.    Named plaintiffs are current and former TruePosition installers and auditors with the primary duties of installing and auditing defendant's cellular site equipment. As a matter of law, plaintiffs were employees of TruePosition, but plaintiffs received their pay from staffing companies to which TruePosition reported plaintiffs' compensable hours worked and which then issued plaintiffs' pay checks based upon such reports.

6.    In all respects and at all relevant times, plaintiffs and the putative class members worked under the exclusive supervision and control of TruePosition. TruePosition provided plaintiffs with their work assignments, job priorities and daily schedules. True Position also provided plaintiffs with the equipment to be installed (or audited) at the cell sites of TruePosition's telecommunications company clients. TruePosition secured access in its own name to the cell

LAW OFFICES OF
JARED E. PETERSON
2017 LINCOLN STREET
BERKELEY, CA 94709
(510) 841-4462

COMPLAINT FOR VIOLATIONS OF FLSA AND STATE WAGE AND HOUR LAWS; CLAIMS FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF
*Milton, et al. v. TruePosition, Inc.*

2

LAW OFFICES OF
JARED E. PETERSON
2017 LINCOLN STREET
BERKELEY, CA 94709
(510) 841-4462

1   sites of TruePosition's telecommunications customers where plaintiffs worked, and TruePosition

2   referred to plaintiffs to its telecommunications customers as TruePosition employees or

3   TruePosition personnel; at TruePosition's direction, plaintiffs referred to themselves as

4   "TruePosition" employees or personnel when working at TruePosition's customers' facilities.

5   Further, TruePosition had exclusive hire and fire authority over plaintiffs, and often fired one or

6   more of plaintiffs, or others similarly situated to plaintiffs, and in such instances never consulted

7   the staffing company that had supplied such plaintiffs before such firing or firings.  Such staffing

8   companies merely issued plaintiffs' pay checks in accordance with TruePosition's reports of

9   compensable hours worked.

10      7.     TruePosition was the author, originator and administrator of all of the common pay

11  practices toward plaintiffs that are complained of in this action, including, but not limited to, the

12  criteria and standards for what work was compensable and what work was not compensable, the

13  number of hours per day that could be reported as worked, and, in accordance with the aforesaid

14  practices, TruePosition approved or disallowed all of plaintiffs' hours worked.

15      8.     The number of hours for which plaintiffs were paid was determined by

16  TruePosition's policies and decisions regarding how many hours and what sorts of tasks would be

17  compensated.  In all respects and at all times the staffing companies that issued plaintiffs' pay

18  checks acted passively, paying plaintiffs solely according to reports of hours worked that were

19  approved by TruePosition.

20      9.     Named plaintiffs and the class of similarly situated workers they represent were in

21  all respects treated by TruePosition as its own employees, and TruePosition authored and

22  administered the common pay practices complained of herein and described in greater detail

23  below.

24      10.    In this action, plaintiffs complain of TruePosition's refusal to allow plaintiffs to be

25  paid for all the hours they worked and, in the case of the California class, of TruePosition's refusal

26  to accord mandated meal and rest breaks, or to authorize pay in lieu thereof.

27      11.    All the common pay practices complained of above, and in any other portion of this

28  complaint, were exclusively the practice of TruePosition toward plaintiffs, and not those of the

---

COMPLAINT FOR VIOLATIONS OF FLSA AND STATE WAGE AND HOUR LAWS; CLAIMS
FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF
*Milton, et al. v. TruePosition, Inc.*

staffing companies which supplied plaintiffs to TruePosition. The staffing companies' only connection with plaintiffs was to issue plaintiffs' pay checks from such companies, based on time approved by TruePosition, in accordance with TruePosition's common pay practices complained of herein. Such staffing company or companies had no contact with plaintiffs at all and no knowledge, independent of TruePosition's approved time reports about plaintiffs' daily work or the amount of time or hours plaintiffs worked and for which they were entitled to be compensated, all of which was at all times under the exclusive control of TruePosition and exclusively subject to the common pay practices of TruePosition complained of herein.

12.    Plaintiffs and the members of the proposed plaintiff class were hired by defendant to work at various locations known as "cell sites". Such "cell sites" were and are owned by defendant's various telecommunications industry clients, including, but not limited to, Cingular Wireless, T-Mobile, Verizon Wireless and other similar companies known to TruePosition. Plaintiffs and the members of the plaintiff class were required to travel to different cell sites chiefly for the purpose of installing defendant's equipment into such sites. On occasion plaintiffs' job duties included auditing or surveying such sites, and/or servicing, de-installing equipment already in place, in addition to installing certain equipment of TruePosition into such sites.

13.    On most, if not all, occasions, plaintiffs traveled to and from such cell sites in their own vehicles and, during such travel, transported equipment to and from the cell site. Such equipment plaintiffs transported was either to be installed into, or had been removed from, the cell sites where plaintiffs worked. Many cell sites to which plaintiffs had to travel were several hours distant from their residences.

14.    Named plaintiffs bring this action on behalf of themselves and all persons who were, are, or will be employed by TruePosition nationwide as installers, as set forth above, with primary duties of installing and configuring cellular site equipment and auditors with primary duties of auditing and configuring cellular site equipment, at any time within the three years prior to this action's filing date through the date of the final disposition of this action (the "Nationwide FLSA Period").

LAW OFFICES OF
JARED E. PETERSON
2017 LINCOLN STREET
BERKELEY, CA 94709
(510) 841-4462

COMPLAINT FOR VIOLATIONS OF FLSA AND STATE WAGE AND HOUR LAWS; CLAIMS FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF
*Milton, et al. v. TruePosition, Inc.*

4

LAW OFFICES OF
JARED E. PETERSON
2017 LINCOLN STREET
BERKELEY, CA 94709
(510) 841-4462

15.     Named plaintiffs also bring this action on behalf of all persons who were, are, or will be employed by defendant TruePosition in California as installers or auditors, as set forth above, with primary duties of installing, configuring or auditing cellular site equipment for defendant and defendant's customers (hereinafter "the California Class"), at any time within the four years prior to the date of the filing of the initial complaint through the date of the final disposition of this action (the "California Class Period").

16.     Defendant unlawfully classified certain, or all, of the named plaintiffs, including the Nationwide FLSA Collective Plaintiffs and the State Law Class members, as independent contractors and not employees, despite the fact these individuals were and are employed by defendant within the meaning of FLSA and the laws of the State of California, as is more particularly set forth in Paragraphs 6 through 11 of this complaint.  The named plaintiffs, the Nationwide FLSA Collective Plaintiffs, and the State Law Class members worked overtime hours, as defined by the applicable federal and state laws, and are and have not been accorded premium compensation at one and one-half times the regular hourly rate ("overtime compensation") for those hours, and at twice the regular hourly rate for some overtime hours worked by them.

17.     Every month of their employment by TruePosition, plaintiffs worked many hours in excess of eight hours per day and many hours in excess of forty hours per week, without receiving all required straight time or overtime compensation for all such hours worked as required by FLSA and California law.  Such underpayment of straight time and overtime was conscious, knowing, deliberate and willful by defendant.  Such underpayment of plaintiffs was directly and solely caused by the deliberate and willfully illegal pay practices of TruePosition, in refusing to give credit for, or approve, many hours worked by the plaintiff class members, and not by any pay practices of defendant True Position's staffing company vendors, who merely paid the plaintiff class members' wages according to time reports approved by TruePosition.

18.     Plaintiffs were underpaid for straight time and overtime, in part because defendant TruePosition failed and refused to pay for certain tasks that plaintiffs were required to perform for the benefit of TruePosition, and that were integral to and an indispensible part of their work.  Such uncompensated work was required and condoned by defendant TruePosition and was a significant

COMPLAINT FOR VIOLATIONS OF FLSA AND STATE WAGE AND HOUR LAWS; CLAIMS
FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF
*Milton, et al. v. TruePosition, Inc.*

LAW OFFICES OF
JARED E. PETERSON
2017 LINCOLN STREET
BERKELEY, CA 94709
(510) 841-4462

1   and indispensable part of the work plaintiffs performed for defendant. Such uncompensated work

2   included some or all of plaintiffs' time spent on the following tasks: logging on to their computers

3   at home to receive their assignments and receiving those assignments; mapping out the most

4   desirable route to their destinations; conferring by telephone from home with representatives of

5   defendant TruePosition and others concerning those assignments; traveling to distant cell sites

6   while transporting TruePosition equipment to be installed in such cell sites, or returning from such

7   sites while transporting such equipment (or equipment that had been removed from the sites); and

8   submitting reports of the work they had performed. Thus, plaintiffs were not compensated for a

9   portion of their regular job tasks to the extent it exceeded eight hours in a day or some other

10  arbitrarily selected maximum; and were not compensated for entire categories of work that were

11  integral and essential to their jobs and highly beneficial to defendant TruePosition.

12      19.     As set forth above, plaintiffs were required on some occasions by TruePosition to

13  travel substantial distances to and between work sites while transporting TruePosition's equipment

14  to be installed in cell sites, or to transport other equipment that had been removed from cell sites

15  where plaintiffs had worked. Plaintiffs and members of the plaintiff class were not compensated

16  for some or all of such travel time. At minimum, named plaintiffs were not compensated for

17  some, most or all of their travel to the first cell site where they worked on a given day, or from the

18  last cell site of the work day, to their home, even though plaintiffs at such times were transporting

19  defendant TruePosition's equipment to be installed in, or other equipment that had been removed

20  from, the cell sites or were traveling after performing the compensable activity of the day or a

21  before performing the last compensable activity of the day.

22      20.     As set forth above, plaintiffs were also required by TruePosition to file regular

23  computer reports describing the work they had done, which took time to prepare, but for which no

24  compensation, or less than full compensation, for time spent preparing such reports was paid.

25      21.     In addition to the foregoing lack of straight time or overtime pay, named plaintiffs

26  and class members who worked for defendant TruePosition in California did not receive an

27  uninterrupted meal period of at least 30 minutes at appropriate work intervals during their

28  employment by TruePosition in California and received no additional compensation for such

COMPLAINT FOR VIOLATIONS OF FLSA AND STATE WAGE AND HOUR LAWS; CLAIMS
FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF
*Milton, et al. v. TruePosition, Inc.*

6

LAW OFFICES OF
JARED E. PETERSON
2017 LINCOLN STREET
BERKELEY, CA 94709
(510) 841-4462

missed meal periods.  Such named plaintiffs and class members also did not receive ten minutes of net rest time for every four hours of work or major fraction thereof and received no additional compensation for such missed rest periods.  Defendant TruePosition did not provide such named plaintiffs and class members with an itemized statement of total hours worked with each payment of wages.

22.    As a result of the practices described above, including in Paragraphs 6 through 11, 13, and 18 through 21 hereof, defendant has willfully caused named plaintiffs, the Nationwide FLSA Collective Plaintiffs, and the State Law Class members, all of whom were and are its employees, not to be paid all of the required straight time compensation and overtime compensation mandated by FLSA and the laws of the State of California, and has failed to keep time records as required by law.  Defendant TruePosition has accomplished this illegal object, and continues to perpetrate this illegal object, by failing and refusing to allow plaintiffs and the class plaintiffs to record and be compensated for all of the hours plaintiffs actually worked for TruePosition, and by failing and refusing to provide the plaintiffs an uninterrupted meal period of at least thirty minutes at appropriate intervals or an uninterrupted ten minutes of rest time at appropriate intervals.

23.    Defendant TruePosition has failed to keep records of named plaintiffs' hours worked, including regular and overtime hours.  In doing so, defendant has failed to comply with the FLSA's requirement that it maintain records sufficient to show the number of hours worked by named plaintiffs and the class of workers plaintiffs represent.

24.    Defendant's practices violate the FLSA and the laws of the State of California. Plaintiffs seek injunctive and declaratory relief where available, uncompensated straight time and overtime compensation for all uncompensated hours worked, suffered or permitted by defendant, liquidated and/or other damages and penalties as permitted by applicable law, interest, and attorneys' fees and costs.

### THE PARTIES

25.    Plaintiff Versil Milton ("Milton") is a resident of the State of California.  Milton worked for defendant TruePosition as an installer in California from approximately July 2006

---

COMPLAINT FOR VIOLATIONS OF FLSA AND STATE WAGE AND HOUR LAWS; CLAIMS
FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF
*Milton, et al. v. TruePosition, Inc.*

LAW OFFICES OF
JARED E. PETERSON
2017 LINCOLN STREET
BERKELEY, CA 94709
(510) 841-4462

through December 2006.  Plaintiff worked as an installer and had the primary duties of installing TruePosition's equipment and auditing the configuration of such cellular site equipment.  Milton worked hours in excess of forty per week and in excess of eight hours per day, and did not receive all straight time and overtime compensation as required by both California and federal law, all as more particularly alleged above.  In addition, Milton did not receive meal and rest breaks as required by California law.

26.    Plaintiff Chris Beagle ("Beagle") is a resident of the State of Kentucky.  Plaintiff Beagle worked for defendant TruePosition as an installer in California from approximately May 2006 until the end of September 2006.  Beagle had the primary duties of installing TruePosition's equipment and auditing the configuration of such cellular site equipment.  Beagle worked many hours in excess of forty per week and in excess of eight hours per day, and did not receive all straight time and overtime compensation as required by both California and federal law, all as more particularly alleged above.  In addition, Beagle did not receive meal and rest breaks as required by California law.  In addition to working for TruePosition in California, within the three years preceding the filing of this complaint, Beagle worked for TruePosition in the states of Washington, New York and Virginia, in which states Beagle also worked many hours in excess of forty (40) per week without being paid all straight time and overtime compensation as required by federal law.

27.    Plaintiff Andrew Lorrick ("Lorrick") is a resident of the State of Washington.  Lorrick worked for defendant TruePosition as an installer and auditor in the greater Los Angeles area of the State of California from July 2005 until approximately September 2006.  At that time, Lorrick was let go by TruePosition, and shortly thereafter rehired by TruePosition to work as an auditor in Northern California, within the greater San Francisco Bay Area.  Lorrick worked in this status for TruePosition from approximately September 2006 through and including mid-November 2007.  During Lorrick's employment by TruePosition in California, Lorrick regularly worked many hours in excess of forty per week and in excess of eight hours per day, and was not paid all of the straight time and overtime pay to which he was entitled under California law, all as more particularly alleged above.  In addition, Lorrick regularly did not receive meal and rest breaks as

COMPLAINT FOR VIOLATIONS OF FLSA AND STATE WAGE AND HOUR LAWS; CLAIMS FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF
*Milton, et al. v. TruePosition, Inc.*

1  required by California law.  In addition, within three years preceding the filing of this complaint,

2  Lorrick worked for TruePosition in the State of Washington as an auditor and installer.  During

3  such work for TruePosition in Washington, Lorrick worked many hours in excess of eight per day

4  and forty per week, and did not receive all straight time and overtime pay as required by federal

5  law.

6          28.     Plaintiff Jamiel Jamieson ("Jamieson") is a resident of the State of Texas.

7  Jamieson worked for defendant TruePosition as an installer in California from approximately June

8  2006 through October 2006.  Jamieson worked as an installer and had the primary duties of

9  installing TruePosition's equipment and auditing the configuration of such cellular site equipment.

10  Jamieson worked many hours in excess of forty per week and in excess of eight hours per day, and

11  did not receive all straight time and overtime compensation as required by both California and

12  federal law, all as more particularly alleged above.  In addition, Jamieson did not receive meal and

13  rest breaks as required by California law.  In addition to working for defendant TruePosition in

14  California, Jamieson worked for TruePosition in the State of Florida as an installer from

15  approximately November 2006 until January 2007, where Jamieson similarly worked hours in

16  excess of forty per week and was not paid all straight time and overtime compensation as required

17  by federal law.

18          29.     Plaintiff Ed Zeltman ("Zeltman") is a resident of the State of New York.  Zeltman

19  worked for defendant TruePosition in the State of California and within this District as an installer

20  from approximately June 2006 through and including October 23, 2006.  During this time,

21  Zeltman had the primary duties of installing TruePosition's equipment into cell sites of

22  TruePosition's customers.  During Zeltman's work for TruePosition in California, Zeltman

23  worked many hours in excess of forty per week and in excess of eight hours per day, and did not

24  receive all straight time and overtime compensation as required by both California and federal

25  law, all as more particularly alleged above.  In addition, during his work for TruePosition in

26  California, Zeltman did not receive meal and rest breaks as required by California law, or wages in

27  lieu thereof.  In addition to working for TruePosition in California, Zeltman, during the three years

28  preceding the filing of this complaint, also worked for TruePosition as an installer or auditor in the

LAW OFFICES OF
JARED E. PETERSON
2017 LINCOLN STREET
BERKELEY, CA 94709
(510) 841-4462

COMPLAINT FOR VIOLATIONS OF FLSA AND STATE WAGE AND HOUR LAWS; CLAIMS
FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF
*Milton, et al. v. TruePosition, Inc.*

1   states of Illinois, Pennsylvania, New Jersey, New Hampshire, Virginia, Florida, Rhode Island and

2   Vermont.  In each of these states, plaintiff Zeltman also worked many hours in excess of eight per

3   day ad forty per week, and did not receive all straight time and overtime pay as required by federal

4   law, all as more particularly alleged above.

5        30.    Plaintiff Jon Holiday ("Holiday") is a resident of the State of Arizona.  Holiday was

6   employed by defendant TruePosition in California from approximately September until November

7   2006.  Holiday worked as an installer and had the primary duties of installing TruePosition's

8   equipment and auditing the configuration of such cellular site equipment.  Holiday worked many

9   hours in excess of forty per week and in excess of eight hours per day, and did not receive all

10  straight time and overtime compensation as required by both California and federal law, all as

11  more particularly alleged above.  In addition, plaintiff Holiday did not receive meal and rest

12  breaks as required by California law.

13       31.    Plaintiffs consent to sue for violations of the FLSA, pursuant to 29 U.S.C. §§

14  216(b) and 256, and consent to sue forms for plaintiffs are attached hereto as Exhibits 1-6.

15       32.    Defendant TruePosition is a corporation organized under the laws of the State of

16  California, and qualified to do and doing business in California.  Defendant TruePosition provides

17  cellular site equipment, technology and services throughout the United States.  The practices

18  described herein were performed by defendant's employees and officers in defendant's offices and

19  at other places in California and throughout the United States.

## COLLECTIVE ACTION ALLEGATIONS

21       33.    The named plaintiffs bring their First Claim for Relief for violation of the FLSA as

22  a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all

23  Nationwide FLSA Collective Plaintiffs.

24       34.    The named plaintiffs and Nationwide FLSA Collective Plaintiffs are similarly

25  situated in that they had, and have, substantially similar job requirements and pay provisions

26  during the statutory period, and were, and are, subjected to defendant TruePosition's common

27  practices as more fully described above, of unlawfully characterizing Nationwide FLSA Collective

28  Plaintiffs as independent contractors and/or non-employees, and refusing, through various

LAW OFFICES OF
JARED E. PETERSON
2017 LINCOLN STREET
BERKELEY, CA 94709
(510) 841-4462

COMPLAINT FOR VIOLATIONS OF FLSA AND STATE WAGE AND HOUR LAWS; CLAIMS
FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF
*Milton, et al. v. TruePosition, Inc.*

LAW OFFICES OF
JARED E. PETERSON
2017 LINCOLN STREET
BERKELEY, CA 94709
(510) 841-4462

1  practices and policies, to pay them all straight time and overtime pay to which they were and are

2  entitled, in violation of FLSA.

3        35.    This claim for relief for violation of the FLSA may be brought and maintained as

4  an "opt-in" collective action pursuant to § 16(b) of FLSA, 29 U.S.C. § 216(b), since the claims of

5  the named plaintiffs are similar to the claims of the members of the Nationwide FLSA Collective

6  Plaintiffs.

7        36.    The names and addresses of the Nationwide FLSA Collective Plaintiffs are

8  available from defendant, or from defendant's staffing companies, and notice should be provided

9  to the Nationwide FLSA Collective Plaintiffs via first class mail to the last address known or

10  available to defendant TruePosition as soon as possible.

11  **CALIFORNIA CLASS ACTION ALLEGATIONS**

12        37.    Named plaintiffs bring their Second through Sixth Claims for Relief for violation

13  of California's wage and hour laws as a class action, pursuant to Fed. R. Civ. P.23 (a), (b)(2), and

14  (b)(3), on behalf of all California Class members, as defined in Paragraphs 5 through 11 hereof.

15        38.    The California Class is so numerous that joinder of all members is impracticable.

16  Plaintiffs are informed and believe, and on that basis allege, that during the California Class

17  Period defendant has employed at least one hundred persons who satisfy the definition of the

18  California Class.

19        39.    Common questions of law and fact exist as to members of the California Class,

20  including, but not limited to, the following;

21        a.    Whether defendant so completely controlled all of the conditions of class

22  members' employment, including, but not limited to, class members' hiring and firing, daily work

23  schedules, daily assignments, work sequencing, hours approved for pay, hours not approved for

24  pay, tasks approved for pay, tasks not approved for pay, and whether class members received

25  mandated meal and rest periods or pay in lieu thereof, as to have been, as a matter of law, class

26  members' employer despite class members' receipt of their pay checks from staffing companies;

27        b.    Whether defendant unlawfully, and as a practice common to plaintiffs,

28  failed to pay all straight time and overtime compensation due in violation of the California Unfair

COMPLAINT FOR VIOLATIONS OF FLSA AND STATE WAGE AND HOUR LAWS; CLAIMS
FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF
*Milton, et al. v. TruePosition, Inc.*

LAW OFFICES OF
JARED E. PETERSON
2017 LINCOLN STREET
BERKELEY, CA 94709
(510) 841-4462

Competition Law, Cal. Bus. & Prof. Code §17200 *et seq.*, and the California Labor Code and related regulations, Cal. Labor Code §§ 201, 202, 203, 226, 510, 1174, 1174.5, and 1194, Cal. Wage Order No. 4;

     c.    Whether named plaintiffs and the California Class members are non-exempt employees entitled to overtime compensation for overtime hours worked under the overtime pay requirements of California law;

     d.    Whether defendant's policy and practice of classifying the California Class members as independent contractors violates the applicable provisions of California law, including applicable statutory and regulatory authority;

     e.    Whether defendant unlawfully failed to keep and furnish California Class members with records of hours worked, in violation of Labor Code §§ 226 and 1174;

     f.    Whether defendant's policy and practice of failing to pay its employees all wages due within the time required by law after their employment ended violates California law; and

     g.    The proper measure of damages sustained and the proper measure of restitution recoverable by members of the California Class.

40.    Named plaintiffs' claims are typical of California Class members' claims. Named plaintiffs, like other California Class members, were subjected to defendant's uniform statewide policy and practice of refusing to pay all straight time and overtime pay, and refusing to grant meal and rest breaks or to pay wages in lieu of such breaks, all in violation of California law. Named plaintiffs' job duties were typical of those of other California Class members, in that all other California class members worked for and under the exclusive control of, defendant TruePosition in California during the statutory period as installers or auditors.

41.    Named plaintiffs' claims are typical of the California class members and accordingly named plaintiffs will fairly and adequately represent and protect the interests of the California Class. Named plaintiffs have retained counsel competent and experienced in complex class actions and the FLSA, and state labor and employment litigation.

COMPLAINT FOR VIOLATIONS OF FLSA AND STATE WAGE AND HOUR LAWS; CLAIMS FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF
*Milton, et al. v. TruePosition, Inc.*

LAW OFFICES OF
JARED E. PETERSON
2017 LINCOLN STREET
BERKELEY, CA 94709
(510) 841-4462

42.    Class certification of the Second through Sixth Claims for Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because defendant has acted, or refused to act, on grounds generally applicable to the California Class, making appropriate declaratory and injunctive relief with respect to named plaintiffs and the California Class as a whole. Named plaintiffs and the California Class are entitled to injunctive relief to bring an end to defendant's common and uniform practice of failing to properly compensate its employees for all straight time and overtime worked for the benefit of defendant, and failing and refusing to grant meal and rest breaks or to pay wages in lieu thereof as required by California law.

43.    Class certification of the Second through Sixth Claims for Relief is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the California Class predominate over any questions affecting only individual members of the California Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices unlawfully treat members of the California Class as independent contractors, fail to pay all wages due for straight time and overtime pay, and fail to accord meal and rest breaks, or to pay wages in lieu thereof, as required by California law. The damages suffered by individual California Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about defendant's practices.

44.    Plaintiffs intend to send notice to all members of the California Class to the extent required by Rule 23.

**FIRST CLAIM FOR RELIEF**
**(Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*,**
**Brought by Named Plaintiffs on Behalf of**
**Themselves and the Nationwide FLSA Collective Plaintiffs)**

45.    Named plaintiffs, on behalf of themselves and all Nationwide FLSA Collective Plaintiffs, reallege and incorporate by reference paragraphs 1 through 44 as if set forth in full herein.

COMPLAINT FOR VIOLATIONS OF FLSA AND STATE WAGE AND HOUR LAWS; CLAIMS FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF
*Milton, et al. v. TruePosition, Inc.*

LAW OFFICES OF
JARED E. PETERSON
2017 LINCOLN STREET
BERKELEY, CA 94709
(510) 841-4462

46.     At all relevant times, defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, defendant has employed, and continues to employ, "employee[s]," including named plaintiffs, and each of the collective Nationwide FLSA Collective Plaintiffs.  At all relevant times, defendant has had in excess of $500,000.00 in gross volume of sales made or business done.

47.     Attached hereto are consents to sue signed by the named plaintiffs in this action pursuant to § 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256.  It is likely that other individuals will sign consent forms and join as plaintiffs on this claim in the future.

48.     The FLSA requires each covered employer, such as defendant, to compensate all non-exempt employees for every hour worked in excess of forty hours in a workweek, a rate of not less than one and one-half times the regular rate of pay for work performed.

49.     The Nationwide FLSA Collective Plaintiffs are entitled to be paid their unpaid wages and overtime compensation for all hours worked for which they did not receive such pay, as set forth more specifically in Paragraphs 17 through 20 hereof.

50.     At all relevant times, defendant, pursuant to its policies and practices, failed and refused to pay all wages and overtime premiums to the Nationwide FLSA Collective Plaintiffs for their hours worked in excess of forty hours per week.

51.     By failing to compensate named plaintiffs and the Nationwide FLSA Collective Plaintiffs for all hours worked and for all hours worked in excess of forty per week at a rate not less than one-and-one-half times the regular rate of pay, defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. § 207(a)(1), § 215(a); and § 216(b).

52.     By failing to record, report, and/or preserve records of hours worked by the named plaintiffs and the Nationwide FLSA Collective Plaintiffs, defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. § 211(c) and § 215(a).

14

LAW OFFICES OF
JARED E. PETERSON
2017 LINCOLN STREET
BERKELEY, CA 94709
(510) 841-4462

53.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

54.    Named plaintiffs, on behalf of themselves and Nationwide FLSA Collective Plaintiffs, seek recovery of their attorneys' fees and costs of action to be paid by defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

55.    Named plaintiffs, on behalf of themselves and Nationwide FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid wages and overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(Cal. Wage Order No. 4; Cal. Labor Code §§ 510, 1194,**
**Brought by Named Plaintiffs**
**on Behalf of Themselves and the California Class)**

56.    Named plaintiffs, on behalf of themselves and all members of the California Class, reallege and incorporate by reference paragraphs 1 through 55 as if set forth in full herein.

57.    California law requires an employer, such as defendant, to compensate all non-exempt employees for every hour worked and for every hour exceeding forty per week, or exceeding eight per day, at a rate of compensation not less, and under circumstances set forth by law, more, than one-and-one-half times the regular rate of pay for work performed.

58.    Named plaintiffs and the California Class members are non-exempt employees entitled to all the employee pay protections afforded by California law, as set forth more particularly above, including payment of straight time or overtime compensation for all hours worked.

59.    Throughout the California Class Period, and continuing through the present, named plaintiffs and the California Class members worked in excess of eight hours in a workday and/or forty hours in a workweek.  Certain named plaintiffs and California Class members also worked in excess of twelve hours in a workday.

COMPLAINT FOR VIOLATIONS OF FLSA AND STATE WAGE AND HOUR LAWS; CLAIMS FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF
*Milton, et al. v. TruePosition, Inc.*

LAW OFFICES OF
JARED E. PETERSON
2017 LINCOLN STREET
BERKELEY, CA 94709
(510) 841-4462

60.    During the California Class Period, defendant misclassified named plaintiffs and the California Class members as independent contractors.  Because of this misclassification, and as a result of its deliberate and deceitful pay practices set forth in detail above, TruePosition failed and refused to pay the named plaintiffs and the California Class members for all hours worked, at either straight time or overtime premium rates.

61.    As a direct and proximate result of defendant's unlawful conduct, as set forth herein, named plaintiffs and the California Class members have sustained damages, including loss of earnings for an unknown number of straight and overtime hours worked on behalf of defendant in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

### THIRD CLAIM FOR RELIEF
### (California Wage Payment Provisions, Cal. Labor Code §§ 201, 202, & 203, Brought by the Named Plaintiffs on Behalf of Themselves and the California Class)

62.    Named plaintiffs, on behalf of themselves and all members of the California Class, reallege and incorporate by reference paragraphs 1 through 61 as if set forth in full herein.

63.    California Labor Code §§ 201 and 202 require defendant to pay its employees all wages due within the time specified by law.  California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

64.    Named plaintiffs and all California Class members who ceased employment with defendant are entitled to unpaid compensation, but to date have not received such compensation.

65.    More than thirty days have passed since certain California Class members left defendant TruePosition's employ.

66.    As a consequence of defendant's willful conduct in not paying compensation for all hours worked, named plaintiffs and California Class members whose employment ended during

COMPLAINT FOR VIOLATIONS OF FLSA AND STATE WAGE AND HOUR LAWS; CLAIMS FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF
*Milton, et al. v. TruePosition, Inc.*

1    the class period are entitled to thirty days' wages under Labor Code § 203, together with interest

2    thereon and attorneys' fees and costs.

3
### FOURTH CLAIM FOR RELIEF
4    **(California Record-Keeping Provisions,**
**Cal. Wage Order No. 4; Cal. Labor Code §§ 226, 1174, & 1174.5,**
5    **Brought by Named Plaintiffs on Behalf of Themselves**
**and the California Class)**
6

7        67.    Named plaintiffs, on behalf of themselves and all members of the California Class,

8    reallege and incorporate by reference paragraphs 1 through 66 as if set forth in full herein.

9        68.    Defendant knowingly and intentionally failed to provide timely, accurate, itemized

10    wage statements including, inter alia, hours worked, to the named plaintiffs and California Class

11    members in accordance with Labor Code § 226(a) and the IWC Wage Orders.  Such failure caused

12    injury to the named plaintiffs and California Class members, by, among other things, preventing

13    them from knowing the amount of wages to which they are and were entitled.  At all times

14    relevant herein, defendant TruePosition has failed to maintain records of hours worked by the

15
16    named plaintiffs and California Class members as required by Labor Code § 1174(d).

17        69.    Named plaintiffs and California Class members are entitled to, and seek, injunctive

18    relief requiring defendant to comply with Labor Code §§ 226(a) and 1174(d), and, further, seek

19    the amount provided under Labor Code §§ 226(e) and 1174.5, including the greater of all actual

20    damages or fifty dollars ($50) for the initial pay period in which a violation occurs, and one

21    hundred dollars ($100) per employee for each violation in any subsequent pay period.

22
### FIFTH CLAIM FOR RELIEF
23    **(California Meal Period Provisions,**
**Cal. Wage Order No. 4; Cal. Labor Code §§ 218.5, 226.7, & 512,**
24    **Brought by Named Plaintiffs on Behalf of Themselves**
**and the California Class)**
25

26        70.    Named plaintiffs, on behalf of themselves and all members of the California Class,

27    reallege and incorporate by reference paragraphs 1 through 69 as if set forth in full herein.

28

LAW OFFICES OF
JARED E. PETERSON
2017 LINCOLN STREET
BERKELEY, CA 94709
(510) 841-4462

17

LAW OFFICES OF
JARED E. PETERSON
2017 LINCOLN STREET
BERKELEY, CA 94709
(510) 841-4462

71.    Named plaintiffs and California Class members regularly work and have worked in excess of five hour shifts without being afforded at least a half-hour meal break in which they were relieved of all duty, all without being paid wages for such missed meal breaks, as required by California law, including Labor Code §§ 226.7 and 512 and Wage Order No. 4-2001, § 11(a).

72.    As a result of defendant's failure to afford proper meal periods, defendant is liable to the named plaintiffs and the California Class members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods, or wages in lieu thereof, were not provided, pursuant to Labor Code § 226.7 and Wage Order No. 4-2001, § 11(b).

**SIXTH CLAIM FOR RELIEF**
**(California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 _et seq._,**
**Brought by the Named Plaintiffs**
**on Behalf of Themselves and the California Class)**

73.    Named plaintiffs, on behalf of themselves and all members of the California Class, reallege and incorporate by reference paragraphs 1 through 72 as if fully set forth herein..

74.    The conduct of defendant TruePosition alleged in the foregoing paragraphs of this complaint violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 _et seq._ Section 17200 of the Cal. Bus. & Prof. Code prohibits unfair competition by prohibiting, inter alia, any unlawful or unfair business acts or practices.

75.    Beginning at a date unknown to Plaintiffs, but at least as long ago as four years prior to filing this complaint, defendant TruePosition committed, and continues to commit, acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described in the foregoing paragraphs of this complaint.  Defendant's conduct as herein alleged has injured named plaintiffs and the California Class by wrongfully denying them earned wages, and therefore was substantially injurious to the named plaintiffs and to the California Class.

76.    Defendant engaged in unfair competition in violation of the UCL by violating, _inter alia_, each of the following laws. Each of these violations constitutes an independent and separate violation of the UCL:

COMPLAINT FOR VIOLATIONS OF FLSA AND STATE WAGE AND HOUR LAWS; CLAIMS FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF
_Milton, et al. v. TruePosition, Inc._

LAW OFFICES OF
JARED E. PETERSON
2017 LINCOLN STREET
BERKELEY, CA 94709
(510) 841-4462

a.    California Labor Code § 1194;

b.    California Labor Code §§ 201, 202, 203, 204, and 226;

c.    California Labor Code § 1174; and

d.    California Labor Code § 510, which provides in relevant part:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

77.    Defendant's course of conduct, acts, and practices in violation of the California laws mentioned in the immediately preceding paragraph of this complaint constitute a separate and independent violation of the UCL. Defendant's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

78.    The unlawful and unfair business practices and acts of defendant described in the foregoing paragraphs of this complaint have injured the California Class members in that through these practices of TruePosition the California Class members were wrongfully denied the payment of earned wages.

79.    Named plaintiffs, on behalf themselves and the California Class members, seek recovery of attorneys' fees and costs of this action to be paid by defendant, as provided by the UCL and California Labor Code §§ 218, 218.5, and 1194.

80.    Named plaintiffs, on behalf of themselves and the California Class, seek restitution in the amount of the respective unpaid wages earned and due at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, or eight hours in a day, and double the regular rate of pay for work performed in excess of twelve hours per day or in excess of eight hours on any seventh day of a work week.

COMPLAINT FOR VIOLATIONS OF FLSA AND STATE WAGE AND HOUR LAWS; CLAIMS FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF
*Milton, et al. v. TruePosition, Inc.*

LAW OFFICES OF
JARED E. PETERSON
2017 LINCOLN STREET
BERKELEY, CA 94709
(510) 841-4462

## PRAYER FOR RELIEF

WHEREFORE, named plaintiffs asserting FLSA collective action claims on behalf of themselves and all members of the Nationwide FLSA Class, pray for relief as follows:

A.    For designation of this action as a collective action on behalf of the Nationwide FLSA Collective Plaintiffs (who assert FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Opt-In Class apprising them of the pendency of this action and permitting them to assert timely FLSA claims by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.    Designation of Named Plaintiffs as Representatives of the Nationwide FLSA Collective Plaintiffs;

C.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

D.    An award of damages, according to proof, in accordance with FLSA, including liquidated damages;

E.    An award of costs of suit incurred herein, including expert witness fees;

F.    An award of attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

G.    An award of pre-judgment and post-judgment interest, as provided by law; and

H.    Such other legal injunctive and equitable relief as this Court deems just and proper.

AND, WHEREFORE, named plaintiffs asserting California class action claims, on behalf of themselves and all members of the California Class, pray for relief as follows:

I.    Certification of this action as a class action on behalf of the proposed California Class;

J.    Designation of the named plaintiffs as Representatives of the California Class they seek to represent;

COMPLAINT FOR VIOLATIONS OF FLSA AND STATE WAGE AND HOUR LAWS; CLAIMS FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF
*Milton, et al. v. TruePosition, Inc.*

**LAW OFFICES OF
JARED E. PETERSON**
2017 LINCOLN STREET
BERKELEY, CA 94709
(510) 841-4462

1

        K.     A declaratory judgment that the practices complained of herein are unlawful

2 under the law of California;

3

        L.     Appropriate equitable and injunctive relief to remedy defendant's violations

4 of California law, including but not limited to an order enjoining defendant TruePosition from

5 continuing its unlawful practices within the state of California;

6

        M.    An award of appropriate statutory penalties in accordance with California

7 law;

8

        N.     An award of damages, liquidated damages, and restitution in accordance

9 with California law;

10

        O.     An award of attorneys' fees and costs of suit, including expert witness fees

11 and fees in accordance with California law;

12

        P.     An award of pre-judgment and post-judgment interest in accordance with

13 California law;

14

        Q.    Such other legal, injunctive and equitable relief as the Court may deem just

15 and proper.

16

17 Dated: July 27, 2008                Respectfully submitted,

18                                 LAW OFFICES OF JARED E. PETERSON

19

20                              By

21                                 Jared E. Peterson
                                Attorneys for Plaintiffs and the proposed

22                                 Plaintiff Classes

23

24

25

26

27

28

COMPLAINT FOR VIOLATIONS OF FLSA AND STATE WAGE AND HOUR LAWS; CLAIMS
FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF
*Milton, et al. v. TruePosition, Inc.*

**DEMAND FOR JURY TRIAL**

     Plaintiffs hereby demand a jury trial on all causes of actions and claims with respect to which they have a right to jury trial.

Dated: July 28, 2008

Respectfully submitted,

LAW OFFICES OF JARED E. PETERSON

By _____

Jared E. Peterson
Attorneys for Plaintiffs and the proposed
Plaintiff Classes

**LAW OFFICES OF
JARED E. PETERSON**
2017 LINCOLN STREET
BERKELEY, CA 94709
(510) 841-1462

22

COMPLAINT FOR VIOLATIONS OF FLSA AND STATE WAGE AND HOUR LAWS; CLAIMS
FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF
*Milton, et al. v. TruePosition, Inc.*