**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERSIL MILTON, *et al., etc.*, | No. C 08-3616 SI |
| Plaintiffs, | |
| v. | **ORDER DENYING MOTION TO TRANSFER VENUE AND SETTING FURTHER CASE MANAGEMENT CONFERENCE** |
| TRUEPOSITION, INC., | |
| Defendant. | |

Defendant has filed a motion to transfer venue to the Eastern District of Pennsylvania. The motion is scheduled for hearing at 9:00 a.m. on February 13, 2009. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the morning hearing. Having considered the arguments of the parties and the papers submitted, and for good cause shown on the current record, the Court hereby DENIES defendant's motion. **The parties shall appear for a further Case Management Conference at 3:00 p.m. on February 13, 2009.**

**BACKGROUND**

On July 29, 2008, plaintiffs Versil Milton, Chris Beagle, Andrew Lorrick, Jamiel Jamieson, Ed Zeltman, and Jon Holiday filed this wage and hour suit against defendant TruePosition, Inc. Plaintiffs are former employees[1] of TruePosition, a Philadelphia-based company organized under Delaware law which provides wireless services. The complaint alleges one claim for relief under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and five claims for relief under various California laws.

---

[1] There is a dispute about whether plaintiffs were technically TruePosition's "employees"; but the Court uses that term for ease of reference.

Plaintiffs and defendant disagree about whether defendant was even plaintiffs' employer (defendant maintains that plaintiffs were employed by staffing agencies and not TruePosition), but the parties appear to agree that plaintiffs worked with defendant's cellular site equipment as installers and auditors. Plaintiffs allege violations of various employment laws, claiming that defendant failed to pay plaintiffs for all the hours they worked, failed to pay overtime, and failed to provide meal and rest periods.

Plaintiffs bring this action as representatives of two separate groups of plaintiffs. On behalf of the "Nationwide FLSA" plaintiffs (hereinafter "Nationwide FLSA Class"), plaintiffs bring their FLSA claim as an opt-in, collective action pursuant to the FLSA. On behalf of installers or auditors who worked for TruePosition in California ("the California Class"), plaintiffs bring their California claims as a class action. Plaintiffs' complaint states that there is federal question jurisdiction over the FLSA claim pursuant to 28 U.S.C. § 1331, and that the Court has original jurisdiction over the state law claims pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) and supplemental jurisdiction under 28 U.S.C. § 1367.

Now before the Court is defendant's motion to transfer venue pursuant to 28 U.S.C. § 1404(a), filed on December 23, 2008. Defendant moves to transfer this case to the Eastern District of Pennsylvania, alleging that such transfer would best serve the interests of justice and the convenience of the parties and witnesses.

**LEGAL STANDARD**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. 1404(a). The purpose of 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations and quotation omitted). A motion for transfer lies within the broad discretion of the district court, and must be determined on an individualized basis. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

To support a motion for transfer, the moving party must establish: "that venue is proper in the transferor district; that the transferee district is one where the action might have been brought; and that

2

the transfer will serve the convenience of the parties and witnesses and will promote the interests of justice." *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.*, 820 F. Supp. 503, 506 (C.D. Cal. 1992). Once venue is determined to be proper in both districts, courts evaluate the following factors to determine which venue is more convenient to the parties and the witnesses and will promote the interests of justice: (1) plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum. *See Williams v. Bowman,* 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001). The existence of a forum selection clause, along with the forum state's relevant public policy, may also comprise "significant factor[s] in the court's § 1404(a) analysis." *Jones,* 211 F.3d at 498-99.

## DISCUSSION

The parties appear to agree that venue would be proper in either this district or the Eastern District of Pennsylvania. The key dispute, therefore, is whether the transfer will serve the convenience of the parties and witnesses and will promote the interests of justice. As detailed below, the Court believes that on the current, very preliminary record, the balance of the factors is close but ultimately weighs against transfer.

**1.    Plaintiffs' Choice of Forum**

Defendant argues that because this is a putative class action, plaintiffs' choice of forum should be given no deference. However, for the reasons described below, the Court finds that plaintiffs' choice of forum should be accorded some deference.

It is true that in class actions a plaintiff's choice of forum is generally accorded less weight. *See Koster v. Lumbermens Mut.Cas.Co.*, 330 U.S. 518 (1947); *Lou v. Belzberg,* 834 F.2d 730, 739 (9th Cir. 1987). However, even in a class action, when weighing the plaintiff's choice of forum, "consideration must be given to the extent of both [the plaintiff's] and [the defendant's] contacts with the forum, including those relating to [the plaintiff's] cause of action. . . .If the operative facts have not occurred

3

within the forum and the forum has no interest in the parties or subject matter, [plaintiff's] choice is entitled to only minimal consideration." *Lou,* 834 F.2d at 739 (internal citations omitted).

Here, the California plaintiffs performed much of the work at issue in California. Most of plaintiffs' claims are California state law labor claims. Thus, this is not a case where "the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter." *Id.* Therefore, plaintiffs' choice of forum is accorded some deference.

**2.     Convenience of the Parties and Witnesses**

Defendant argues that the convenience of the parties and witnesses weighs heavily in favor of transfer. The only named defendant has its principal place of business in Pennsylvania and two of the named plaintiffs live closer to Pennsylvania than California (in Kentucky and New York). Plaintiffs respond that no named plaintiffs live in Pennsylvania, all of the named plaintiffs worked for defendant in California, and violations of Federal and California laws at issue in this case occurred in California. The other named plaintiffs live in California, Washington state, and Texas.

Defendant also points out that the convenience of third party witnesses favors transfer, citing the locations of ten staffing agencies that defendant contracted with to obtain plaintiffs' work. Seven of these agencies are located closer to Pennsylvania than California, although only two are actually located in Pennsylvania. Three are based in California. Defendant argues that the Court should consider the availability of compulsory service in weighing this factor, and that because compulsory process would not be available for seven of these staffing agencies, this fact weighs in favor of transfer. Plaintiff responds that the agency that supplied 67% of the named plaintiffs (S.Com) is based in San Francisco, and further argues that defendant has not provided enough information regarding the testimony of the witnesses to give this argument any weight. *See Royal Queentex Enterprises v. Sara Lee Corp.*, 2000 WL 246599 at *6 (N.D. Cal. 2000) (to show inconvenience, the moving party "should produce information regarding the identity and location of the witnesses, the content of their testimony, and why such testimony is relevant to the action ... The Court will consider not only the number of witnesses located in the respective districts, but also the nature and quality of their testimony" (*quoting Steelcase, Inc. v. Haworth*, 41 U.S.P.Q.2d 1468, 1470 (C.D.Cal.1996))).

4

While a close call, this factor does not favor transfer. It is true that the "logical origin of this dispute" is in Pennsylvania. *See Waldmer v. SER Solutions, Inc*., No. 05-2098-JAR, 2006 U.S. Dist. LEXIS 4934 at *17 (D. Kan. Feb. 3, 2006). It was in Pennsylvania that defendant's personnel formulated and implemented the policies complained of in plaintiffs' complaint. No company policies were established in California. *See id.* Furthermore, defendant argues that the key personnel who would testify as to payroll practices and company policies are in Pennsylvania. But these are defendant's employees, and plaintiff has already agreed to work with defendants in scheduling depositions at convenient times and locations in Pennsylvania. The convenience factor thus turns on the convenience of the third-party witnesses, which include the staffing agencies. S.Com, which supplied 67% of the named plaintiffs, appears to be based in San Francisco. It is not clear whether either party will call the staffing agencies as witnesses, but if they should decide to call the agencies, compulsory process will not be available in Pennsylvania for the agencies that are based in California. Thus, this factor favors the Northern District of California.

**4.     Ease of Access to Evidence**

Defendant argues that all relevant documents and other evidence are located in Pennsylvania. Plaintiffs contend that this evidence is likely stored in electronic format and will not be difficult to access in California. Plaintiffs are probably correct that most of the documents relevant to this case may be stored electronically, but this Court has held that "while developments in electronic conveyance have reduced the cost of document transfer somewhat, the cost of litigation will be substantially lessened if the action is venued in the same district where most of the documentary evidence is found." *Foster v. Nationwide Mut. Ins. Co.,* No. C 07-4928, 2007 U.S. Dist. LEXIS 95240, 2007 WL 4410408 at *6 (N.D. Cal. 2007) (citation omitted). This factor therefore weighs in favor of transfer.

**5.     Familiarity of Each Forum with the Applicable Law**

This factor weighs very slightly in favor of the plaintiffs. Both districts are familiar with federal law. This Court is more familiar with California law than the Eastern District of Pennsylvania. However, other federal courts are "fully capable of applying California law." *Foster,* 2007 WL 4410408

5

at *6. This Court has also noted that "where a federal court's jurisdiction is based on the existence of a federal question, as it is here, one forum's familiarity with supplemental state law claims should not override other factors favoring a different forum." *Id.* Nonetheless, since all but one of plaintiffs' claims arise from California law, this factor slightly favors the Northern District of California. *See Johns v. Panera Bread Co.,* No. C 08-1071 SC, 2008 U.S. Dist. LEXIS 78756 at *12 (N.D. Cal. 2008).

**6.    Forum Selection Clause**

Defendant argues that plaintiffs signed contracts containing forum selection clauses binding them to settle disputes in Pennsylvania. Plaintiff responds that there is no evidence that plaintiffs ever saw these forum selection clauses, because they were contained in the agreements that defendant signed with the staffing agencies. Defendant maintains that plaintiffs signed acknowledgments stating that they agreed to be bound by the main underlying agreements between defendant and the staffing agencies. While plaintiffs did sign such agreements, it is still not clear whether the forum selection clauses contained in contracts between defendant and the staffing agencies would govern this dispute between plaintiffs and defendant. For example, one such clause reads "[t]his Agreement shall be governed by the internal laws of the Commonwealth of Pennsylvania without regard to principles of conflicts of law. Consultant hereby expressly consents to the personal jurisdiction of the state and federal courts located in Pennsylvania for any lawsuit arising from or relating to this Agreement." Defendant's Reply Brief at p. 10, Docket No. 26. All this clause states is that the staffing agencies agree to litigate disputes with TruePosition in Pennsylvania. Even if plaintiffs did agree to be bound by that agreement, it does not necessarily follow that plaintiffs also agreed to litigate disputes in Pennsylvania, only that they agreed that the staffing agencies were bound to do so. Thus, this factor is neutral.

**7.    Remaining Factors**

The remaining factors – the feasibility of consolidation with other claims, local interest in the controversy, and the relative court congestion and time of trial in each forum– are neutral. First, there is no evidence of other claims to consolidate with this case. Second, both states have an interest in the controversy. Pennsylvania has an interest because it is the resident state of defendant's headquarters

6

and the place where the personnel decisions were presumably made. California has an interest in protecting the rights of the putative California class members. Finally, the evidence provided regarding court congestion shows that this factor is more or less neutral. In 2007 this district had 505 civil filings per judge versus 897 civil filings per judge in the Eastern District of Pennsylvania. *See* Plaintiff's Opp., p. 18, Docket No. 24. The median time from filing to disposition in civil cases in this district is 6.7 months, and 5.7 months in the Eastern District of Pennsylvania. *Id.* at 17-18. The median time from filing to trial in a civil case is 24.9 months here and 19.4 months in the Eastern District of Pennsylvania. *See* Defendant's Motion to Transfer, p. 17, Docket No. 17. Thus, both courts are clearly busy and one is not significantly more congested than another.

## CONCLUSION

For the foregoing reasons and for good cause shown on the current record, the Court hereby DENIES defendant's motion to transfer venue. **The parties shall attend a further Case Management Conference at 3:00 p.m. on February 13, 2009.**

**IT IS SO ORDERED.**

Dated: February 9, 2009

SUSAN ILLSTON
United States District Judge

**United States District Court**
For the Northern District of California